IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACHARIAH A. KIMMEL, # B-80612, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-01381-SMY |
| ) | |
| FRAILEY, WINTERS, DR. SANTOS, ) | |
| FRANKLIN, DR. LARSON, ) | |
| DR. POWERS, SCHUTH, ) | |
| PENNY GEORGE, KLUGE, ) | |
| and DR. LOUIS SHICKER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Zachariah Kimmel, an inmate who is currently incarcerated at Vienna Correctional Center ("Vienna"), brings this action *pro se* for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that he was denied medical care for a shattered right heal following his fall in Vienna's prison yard on August 23, 2014 (Doc. 1, pp. 9-10). He now sues ten Vienna officials for depriving him of adequate medical treatment in violation of the Eighth Amendment. These officials include five registered nurses (Defendants Frailey, Winters, Franklin, Schuth, and Kluge), three physicians (Defendants Santos, Larson, and Powers), a health care administrator (Defendant George), and the medical director (Defendant Shicker). Plaintiff seeks monetary damages (Doc. 1, p. 11).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss

1

any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). When applying this standard to the allegations, the Court finds that the complaint survives preliminary review under Section 1915A.

## The Complaint

According to the complaint, Vienna officials deprived Plaintiff of adequate medical care for a shattered right heel over the course of more than three months (Doc. 1, p. 9). On August 23, 2014,[1] Plaintiff fell in Vienna's prison yard and injured his right foot. Vienna has no infirmary, so Plaintiff was transported in a state vehicle to one of Vienna's observation units. There, he was seen by a number of medical professionals, all of whom allegedly delayed proper diagnostic tests, denied adequate treatment, and prescribed ineffective pain relievers.

On August 23rd, Defendants Frailey and Winters examined Plaintiff. They observed swelling in his right foot, his inability to walk, and his obvious pain. Still, neither one referred him to a nearby clinic or in-house physician. Neither medical professional ordered an x-ray or prescribed effective pain relievers. Defendant Winters diagnosed Plaintiff with a sprain.

On August 24th and 27th, Defendants Santos and Kluge examined Plaintiff. They made the same observations as Defendants Frailey and Winters. Defendant Santos also diagnosed Plaintiff with a sprain. On August 25th, Defendant Franklin examined Plaintiff. During the examination, Plaintiff was ordered to stand on a scale, despite his inability to walk. None of these defendants recommended treatment at a hospital.

Plaintiff's foot was not x-rayed for the first time until August 29th, when he was taken to Shawnee Correctional Center for an examination. Only then did Defendant Powers take an x-ray

---

[1] All of the relevant events occurred in 2014. Therefore, subsequent references to the year are omitted from this section.

2

that revealed Plaintiff's shattered right heel. Defendant Larson applied a splint and returned Plaintiff to Vienna. Defendants Powers, Larson, and Santos failed to refer Plaintiff to a specialist at that time.

On September 4th, Plaintiff fell a second time in a puddle of water in Vienna's observation unit. In the process, he further injured his right foot. Defendant Schuth responded, but did little for him. Defendant Larson also responded, but merely completed paperwork.

Someone contacted "Springfield" about Plaintiff's need for medical care the same day. In response, Warden Hilliard spoke directly with Plaintiff before instructing Vienna's medical staff to make sure that Plaintiff did not leave Vienna as "a cripple" (Doc. 1, p. 10). Plaintiff also spoke directly with Defendant George about his lack of medical care.

On September 8th, Plaintiff was finally referred to an outside specialist. The specialist indicated that surgery, though optimal, was no longer possible, given the delay in treatment. Instead, Plaintiff was provided with an air cast and a prescription for pain relievers. When Plaintiff returned to Vienna, Defendants Powers and Santos refused to fill the prescription. Defendant George told Plaintiff that he would just "have to bear the pain" (Doc. 1, p. 10). As of December 9th, Plaintiff was transferred into Vienna's general population without further treatment. Plaintiff now suffers from a permanent foot injury and untreated pain.

Plaintiff now sues Defendants for violating his Eighth Amendment rights (Doc. 1, pp. 9-10). He seeks compensatory and punitive damages.

## Discussion

After carefully considering the allegations, the Court finds that the complaint states a colorable Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against

Defendants Frailey, Winters, Franklin, Schuth, Kluge, Santos, Larson, Powers, George, and Shicker. Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). At this early stage, the complaint suggests that Defendants may have exhibited deliberate indifference to Plaintiff's medical needs when they delayed treatment of his shattered heel and his associated pain. Therefore, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Frailey, Winters, Franklin, Schuth, Kluge, Santos, Larson, Powers, George, and Shicker.

However, Plaintiff cannot proceed with a claim that the puddle in his cell violated his Eighth Amendment rights (**Count 2**). To prevail on a claim for unconstitutional conditions of confinement, a plaintiff must show that prison officials were aware of "a substantial risk of serious injury" and still failed to take appropriate steps to protect the plaintiff. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). Negligence, or even gross negligence, on the part of prison officials will not support an Eighth Amendment claim. The actions of prison officials must rise to the level of criminal recklessness. *Farmer v. Brennan*, 511 U.S. at 837.

Plaintiff's allegations do not support an Eighth Amendment claim for unconstitutional conditions of confinement. Plaintiff alleges that a puddle accumulated near a leaky air conditioner on September 4th. He slipped and fell in the puddle, further injuring his right foot.

Plaintiff also alleges that Defendants Schuth and Larson responded, but provided little help. By all indications, neither Defendant Schuth nor Defendant Larson knew about the puddle in time to prevent Plaintiff's injury. They learned about the puddle *after* Plaintiff fell and injured his foot a second time. Further, the complaint does not allege that any other defendants were aware of the unsafe conditions in Plaintiff's cell. Without more, Plaintiff cannot proceed with this claim, and **Count 2** shall be dismissed with prejudice.

### Pending Motions

Plaintiff filed a motion to appoint counsel (Doc. 6), which shall be referred to **United States Magistrate Judge Philip M. Frazier** for a decision.

Plaintiff also filed a supplement to the complaint (Doc. 8), which is a 17-page compilation of grievances addressing his numerous requests for medical care and responses to the grievances. In addition, he filed a motion for court to consider and accept attached documents (Doc. 10), which includes an additional 32-page compilation of grievances and responses.

Plaintiff offers both documents in support of his complaint and as evidence of his efforts to exhaust his administrative remedies before commencing this action. The Court construes both documents (Docs. 8, 10) as motions to supplement the complaint with exhibits. Because these motions were filed before the Court conducted its preliminary review of Plaintiff's complaint, the motions (Docs. 8, 10) are hereby **GRANTED**.[2]

However, Plaintiff is warned that future attempts to "supplement" the complaint will be denied. The Court will not accept piecemeal amendments to the original complaint. If Plaintiff wishes to make any changes to the pleading in the form of additions, deletions, or revisions,

---

[2] Although the Court did review and consider these documents when conducting its preliminary review of the complaint, the Court notes that the complaint survives preliminary review as to Count 1, but not Count 2, regardless.

5

Plaintiff must file a motion seeking leave to amend his complaint, along with a proposed amended pleading. Amendment of the pleading must be done consistent with Federal Rule of Civil Procedure 15(a)(1), which states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" However, in this District, "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed." Local Rule 15.1. Finally, Plaintiff should also keep in mind that an amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004) (citing *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)).

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS FRAILEY, WINTERS, SANTOS, FRANKLIN, LARSON, POWERS, SCHUTH, GEORGE, KLUGE,** and **SHICKER** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion to appoint counsel (Doc. 6).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 14, 2015**

**s/ STACI M. YANDLE**
**U.S. District Judge**
