## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACHARIAH A. KIMMEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:14-cv-1381-SMY-PMF |
| MELISSA FRAILEY, et al., | ) ) ) |
| Defendants. | ) |

### ORDER ADOPTING REPORT AND RECOMMENDATIONS

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 93) of Magistrate Judge Philip M. Frazier recommending the Court deny Defendants Frailey, Winter, Franklin, Schutt, George, Kluge, and Shicker's Motion for Summary Judgment (Doc. 78). Defendants argue that Plaintiff did not exhaust his administrative remedies under section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") (42 U.S.C. § 1997e(a) (2013)) prior to filing suit. Plaintiff filed a Response to the motion (Doc. 82). Defendants filed an Objection to the Report (Doc. 99). For the following reasons, the Court adopts the Report and **DENIES** the Motion for Summary Judgment.

### Background

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment (Doc. 1). Plaintiff was incarcerated at Vienna Correctional Center ("Vienna") when the events that gave rise to this lawsuit occurred (Doc. 1, p. 9). Plaintiff alleges that on August 23, 2014, he injured his right foot while in the prison yard (Doc. 1, p. 9). Over the course of several days, Defendants Frailey, Winter, Kluge, Franklin, and Santos treated Plaintiff and diagnosed him with a sprained ankle. However, x-rays later revealed that Plaintiff's heel was fractured (Doc. 1, p. 9-10).

1

On September 1, 2014, Plaintiff slipped and fell in the Vienna observation unit, further injuring his foot as he fell (Doc. 1, p. 10). Plaintiff alleges that Defendant Schutt's treatment of Plaintiff's injury after the fall constituted deliberate indifference (Doc. 1, p. 10). Plaintiff was examined by Dr. Young, a physician at the Orthopedic Institute of Southern Illinois, who told Plaintiff that surgery was inappropriate (Doc. 1, p. 10). Dr. Young gave Plaintiff an air cast and a prescription for pain medicine (Doc. 1, p. 10). Plaintiff alleges that the health care providers at Vienna refused to comply with Dr. Young's treatment plan and that Defendant George did not take corrective action when health care providers at Vienna did not abide by the treatment plan (Doc. 1, p. 10). Plaintiff also contacted the IDOC medical director, Defendant Shicker, regarding his medical treatment (Doc. 1, p. 9-10). Plaintiff alleges that Defendant Shicker's response to Plaintiff's complaint constituted deliberate indifference (Doc. 1, p. 10).

Plaintiff filed several grievances in 2014 regarding his medical treatment and prison conditions. On September 1, 2014, Plaintiff filed three grievances stating that the crutches that the health care unit provided him were broken, that he was not being given appropriate medication and that he was denied use of the disabled accessible bathrooms (Doc, 1-3 p. 3-5). On September 5, 2014, Plaintiff filed a grievance complaining that his foot injury was being improperly treated (Doc. 1-3, p. 8). The Grievance Officer denied these four grievances on October 3, 2014 (Doc. 79-7, p. 2, 4, 8, 10). According to IDOC regulations, if Plaintiff wanted to appeal the denials of his grievances, he had 30 days, or until November 2, 2014, to do so (20 Ill. Admin. Code § 504.840). The Administrative Review Board ("ARB") received Plaintiff's appeal on November 5, 2014 and denied the appeal as untimely (Doc. 79-7, p. 1).

Plaintiff filed another grievance on September 9, 2014 in which he alleged that he was not receiving appropriate medication and that the health care employees were retaliating against him

(Doc. 79-8, p. 1). The ARB denied the grievance on the merits on November 2, 2014 (Doc. 79-8, p. 1). The ARB also denied two of Plaintiff's emergency grievances (Doc. 79-11, p. 1). The Warden of Vienna determined that the grievances were not emergencies and the ARB directed Plaintiff to resubmit the grievances through the non-emergency grievance process.

## Analysis

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* Because Defendants filed an objection to the Report, the Court will review the record *de novo*.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. §1997e(a). That statute states in pertinent part that, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* The Seventh Circuit requires strict adherence to the

PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion"). Therefore, exhaustion is a condition precedent to filing a claim in federal court, so the inmate must exhaust before he commences his federal litigation. See *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002); *Perez v. Wisconsin Department of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). If the inmate fails to exhaust before filing suit in federal court, the district court must dismiss the suit, or dismiss any claims not fully exhausted. See *Jones v. Bock*, 549 U.S. 199, 223 (2007); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005). Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006).

When determining filing dates for prisoners, federal courts generally apply the prisoner mailbox rule, which provides that a prisoner's document is deemed filed when it is placed in the prison mail system. *Ingram v. Jones*, 507 F.3d 640 (7th Cir. 2007). In order for Plaintiff to timely file his appeal of the Administrative Review Board's findings with respect to the four September grievances, he had to place the appeal in the prison mail system no later than November 2, 2014, which was a Sunday. In their Objection to the Report, Defendants submitted the envelopes Plaintiff used to file his grievances which were date-stamped by the United States Postal Service ("USPS"). grievances. However, there is no indication as to when Plaintiff placed the appeals in the *prison* mail system. In fact, the USPS date stamp could support the position that Plaintiff placed the appeal in the prison mail system on November 2, 2014. Accordingly, the four September 2014 grievances and appeals were timely filed. Thus, Plaintiff properly exhausted his administrative remedies with respect to those grievances.

Defendants also argue that even if Plaintiff exhausted his administrative remedies with two emergency grievances and one non-emergency grievance, those grievances lack the requisite specificity. IDOC regulations provide that, "[t]he grievance shall contain factual details…including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." 20 Ill. Admin. Code § 504.810(a). Here, while cursory, Plaintiff's grievances include enough information to explain the events giving rise to the grievances and to connect Defendants to those events. Plaintiff provided enough necessary information to be sufficient under the IDOC regulation. Therefore, Plaintiff has satisfied the administrative remedies process with respect to those grievances.

Accordingly, the Court **ADOPTS** the Report of Magistrate Judge Frazier (Doc. 93) and **DENIES** Defendants' Motion for Summary Judgment (Doc. 78).


**IT IS SO ORDERED.**

**DATED: December 16, 2015**

  s/ Staci M. Yandle\_\_\_
**STACI M. YANDLE**
**DISTRICT JUDGE**